WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HICA Education Loan Corporation,<br>                Plaintiff,<br>v.<br>Sylvia Paczkowski,<br>                Defendant. | No. CV-14-01513-PHX-GMS<br>**ORDER** |

Pending before the Court is Plaintiff HICA Education Loan Corporation's motion for summary judgment. (Doc. 25.) For the following reasons, the Court grants the motion.

## BACKGROUND

Between August 1988 and May 1991, Defendant Sylvia Paczkowski signed four promissory notes ("loans") with Plaintiff's predecessor totaling over $30,000. Plaintiff's Statement of Facts[1] ("PSOF") ¶¶ 1–4, Exs. A, C–E; Defendant's Response (Doc. 30) at 1. In November 2003, the loans were assigned to Plaintiff. PSOF ¶ 5. On or about April 2013, Defendant ceased making payments on her loans. *Id.* ¶ 6. Over the next year, Plaintiff sent Defendant numerous demands for payment, which Defendant did not answer. *Id.* ¶ 7, Exs. G, H, I.

Sometime before March 2014, Defendant applied to the Department of Education ("DOE") for a complete discharge of her outstanding loan amount due to her alleged

---

[1] Defendant did not submit her own statement of facts nor any declarations or affidavits in support of her response to Plaintiff's motion for summary judgment.

permanent and total disability. *Id.* ¶ 10. The DOE sent Defendant's application to the Federal Occupational Health Service ("FOH") for review, which, on March 11, 2014, found Defendant not disabled and denied her application. *Id.*, Ex. K. In April 2014, Defendant submitted additional medical records and requested a second review by the FOH; the FOH denied her application. *Id.* ¶ 11, Ex. L. In June 2015, the FOH reviewed and denied Defendant's application for a third time. *Id.* ¶ 12, Ex. M. Finally, in August 2015, after Defendant failed to sign and return five medical release forms, Plaintiff informed her that her application for cancellation of her loans due to permanent and total disability were denied. *Id.* ¶¶ 13–15, Exs. N–P.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

Although "[t]he evidence of [the non-moving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor," the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The

nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). "A trial court can only consider admissible evidence in ruling on a motion for summary judgment," and evidence must be authenticated before it can be considered. *Orr v. Bank of Am.*, 285 F.3d 764, 773–74 (9th Cir. 2002).

## II.  Analysis

Plaintiff seeks summary judgment on its breach of contract claim. A breach of contract occurs when there is: (1) a valid contract; (2) a breach of the terms of that contract; and (3) damages. *See Snyder v. HSBC Bank, USA, N.A.*, 873 F. Supp. 2d 1139, 1149 (D. Ariz. 2012).

Defendant does not contest the validity of the contracts, *i.e.*, promissory notes, underlying the four loans at issue in this case. Defendant also does not contest that her termination of loan payments constitutes breach of those contracts. Nevertheless, Defendant argues that she is permanently and totally disabled, and as such she is "entitled to an exemption from payment of these obligations." (Doc. 15 at 2.) Defendant essentially argues that her breach is excused. The Defendant, however, acting within the HEAL statutory framework which governs her loan obligations, already applied to the DOE for cancellation of her outstanding loan amounts on account of her alleged permanent disability; the FOH denied those applications. As such, her continuing failure to satisfy her outstanding loan payments damages Plaintiff.

In her response to Plaintiff's motion for summary judgment, Defendant only presented conclusory statements regarding her alleged permanent and total disability. Defendant described her symptoms and listed the alleged findings of multiple doctors who treated or examined her over the years; yet, she attached no declarations, affidavits,

or other admissible evidence supporting her symptoms or those doctors' findings. *See Taylor*, 880 F.2d at 1045; *Orr*, 285 F.3d at 773–74. Here, the only admissible evidence are the FOH letters Plaintiff attached that repeatedly denied Defendant's previous claims to the DOE of permanent and total disability. Accordingly, on this undisputed record, the Defendant presents no viable excuse for her breach of contract; thus, the facts support Plaintiff's motion.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Court **GRANTS** Plaintiff's motion for summary judgment.[2] (Doc. 25.) The Clerk of Court is directed to enter judgment accordingly.

Dated this 6th day of June, 2016.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge

---

[2] Pursuant to A.R.S. § 12-341.01, Plaintiffs are entitled to the award of reasonable costs and attorney fees. The Court shall grant such an award upon Plaintiff's compliance with LRCiv. 54.2.

- 4 -